PHILIP H. REID and SOLOMON B. MANDEL, etc., Plaintiffs, *v.* PRODUCTS MANUFACTURING COMPANY, Defendant.

(Supreme Court, Kings Special Term for Motions, August, 1921.)

Nuisance — when may be enjoined — motion of city to intervene in action denied.

Where in the disposal of dead animal matter defendant's plant is so conducted as to emit offensive odors over plaintiffs' premises, the nuisance thus created may be enjoined.

Where a judgment in favor of the plaintiff has been unanimously affirmed by the Appellate Division and an application to the Court of Appeals for leave to appeal to that court is pending, the operation of the injunction meantime being stayed, a motion by the city of New York, which at all times knew of the progress of the suit and appeared upon applications for a suspension of the injunction, for leave to intervene as a party defendant for the opening of the judgment and direction for a new trial, or for a reference, for a meantime stay and for such other and further relief as may be just, will be denied.

MOTION for leave to intervene.

H. C. Quinby, for plaintiffs.

Abbott & Morgan, for defendant.

John P. O'Brien, corporation counsel, for city of New York.

GANNON, J. The plaintiffs herein have a judgment restraining the defendant from so operating its plant on Barren Island, in so far as the disposal of dead animal matter is concerned, as to emit offensive odors over plaintiffs' premises. In other words, the plant does not have to cease operating, but it is enjoined from operating as a nuisance. The action was tried in January, 1919, and the opinion of the court was handed down in October, 1919. The operation of the injunction was suspended until May, 1920, to enable the city to make necessary arrangements, and there was a further provision for application for additional time if to enforce the injunction would result in harm to the people of the city. In August, 1920, defendant obtained a suspension of the operation of the injunction until November, 1920. Successive stays of the operation of the injunction have been obtained.

The defendant appealed to the Appellate Division, which unanimously affirmed the judgment.

An application has been made to the Appellate Division for a reargument and for leave to appeal to the Court of Appeals, which was denied, and there is pending an application to the Court of Appeals for leave to appeal to that court. The operation of the injunction is meantime stayed. After this lapse of time and with the case in this situation, the city of New York makes a motion for permission to inter-

vene as a party defendant for an opening of the judgment and a direction for a new trial or for a reference, and for a meantime stay, and for such other and further relief as may be just. The city claims that vital public interests are concerned, and that the health of the citizens will be menaced if the injunction is permitted to operate.

Apparently the plant can be conducted without offense as a simple disposal plant, but the nuisance arises when the dead animals and other matter are so separated and treated as to form by-products for the commercial purposes of the defendant.

All of the considerations of public interest, while not introduced into the record itself, were nevertheless raised by the defendant in the Appellate Division, and it is impossible to conceive that anything so vital has not had a most serious consideration in that court.

As to the absolute and arbitrary right of the city to intervene, I hold that this right is not given by section 452 of the Code, because a complete determination of the controversy between the parties could have been had, and was had. It is unnecessary that the city should be made a party in order to have such complete determination. There are no rights of the city to determine before passing on the rights of the parties to the suit. The action does not seek to restrain the city in any respect, but merely to restrain the performance of the work of the contractor as a nuisance.

Opposing the claim of laches, the corporation counsel stoutly asserts the principle expressed in Blackstone: " The law also determines that in the King there can be no negligence or laches, and therefore no delay will bar his right." Whether this divine privilege of kings may be exercised by the municipality or any governmental organization it is not necessary to

determine, because there is no laches in this case. Laches implies remissness or neglect. In its participation in this trial the city has not been remiss or neglectful, but it has with determination and persistence aided in the fight of the defendant. A member of its health department was an expert witness for the defendant and aided counsel in the trial. The city has appeared upon applications for a suspension of the injunction. The city knew at all times of the progress of the suit. Instead of asking to be included as a party, the city preferred to fight behind the defendant, and to advance in the protection of a sort of barrage. When this has fallen, the city asks the court to take from the plaintiffs the fruits of two years of hard fighting, to go way back to the beginning and start the battle over. This would be childish, if it were not disingenuous.

The brief of the defendant in support of the motion declares that the issue is whether the rights of two property owners are to be considered superior to the rights of the entire community to have condemned animal matter removed from the streets of New York. It would be fairer to state that the issue is whether hundreds of thousands of men, women and children, citizens of this state and community, owning and occupying homes within the zone of olfaction of Barren Island are to be subjected to inconvenience, noxious odors and actual menace to health and happiness by the operation of the defendant's plant in an unlawful manner throughout the entire summer, so that the defendant may continue certain profitable lines of manufacture, when it is apparent that dead animals and other matter may be incinerated in a decent manner without offense, though perhaps at higher cost to the city and less profit to the contractor.

It is the right and the duty of the board of health to abate a nuisance, but this function is not properly exercised by the creating or continuing of another nuisance.

In consideration of the foregoing, and upon the ground that a full and fair presentation of all the issues was had before the trial court and before the Appellate Division, and because judgments of the courts are not to be lightly considered nor by indirection circumvented, this motion is denied.

Motion denied.